ELIZABETH ANN TAYLOR v. JACK HAYES

No. 25

Before *Judge Keiger* presiding at the 30 October 1978 Civil Session of FORSYTH District Court and a jury, judgment, based on the jury verdict, was entered in favor of plaintiff for money damages. The Court of Appeals, on rehearing, in an opinion by Judge Hill in which Chief Judge Morris and Judge Parker concurred, found no error. We allowed defendant's petition for further review on 2 August 1980.

*Legal Aid Society of Northwest North Carolina, Inc. by Ellen W. Gerber, Attorney for plaintiff appellee.*

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, Edward L. Powell, and Robert B. Womble, Attorneys for defendant appellant.*

PER CURIAM.

This is an action by a tenant against her landlord for treble damages pursuant to G.S. 75-16, for defendant's alleged violation of G.S. 75-1.1 (a) which prohibits "[u]nfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting commerce. . . ." Plaintiff claimed that defendant induced her to rent his apartment by making fraudulent misrepresentations concerning the condition of the apartment. The jury found in favor of plaintiff and awarded damages for defendant's misrepresentations in the sum of $785.00. Judge Keiger concluded that by making the misrepresentations to plaintiff as found by the jury, "defendant committed an unfair or deceptive trade practice within the meaning of [G.S. 75-1.1]." He, consequently, trebled the jury's award of damages and entered judgment in the sum of $2,355.00.

In an opinion filed 5 February 1980 the Court of Appeals initially concluded that there was error in the introduction of evidence. On rehearing, however, the Court of Appeals concluded ultimately that no error had been committed and affirmed the

judgment of the trial court.

After we allowed defendant's petition for further review, he presented in his new brief only three questions. Two of them concerned the admission of evidence. The third deals with whether there was sufficient evidence to be submitted to the jury on the question of defendant's misrepresentations.

After reviewing the record, the briefs, and hearing oral arguments on the questions presented, we conclude that the petition for further review was improvidently granted. Our order granting further review is, therefore, vacated. The decision of the Court of Appeals affirming the judgment of the Forsyth District Court remains undisturbed and in full force and effect.

Discretionary Review improvidently granted.